[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, in its multi-count amended complaint, claims that defendant owes it money for being allowed to operate the concession stand at the municipal stadium on certain days in 1989, 1990 and 1991, days when plaintiff had the exclusive right to operate same.
In response, defendant denies owing any money to plaintiff and, in addition, asserts a special defense and a counterclaim. At trial, however, defendant failed to produce any credible evidence proving either and, therefore, both fail.
As to the remaining claims, the court finds the following. In 1984, plaintiff, a Connecticut nonstock corporation, was granted the right to hold an amateur baseball contest known as the Mickey Mantle World Series in Waterbury. The games were held each year through 1992 at the municipal stadium. The Board of Park Commissioners, commencing in 1985 and for each year thereafter through 1992, granted plaintiff the exclusive right to operate the concession stand at the stadium during the series.
In 1988, the parties agreed that the defendant would pay to the plaintiff the sum of $7,500 for the stadium concession rights for the 1988 Mickey Mantle World Series. This sum was fully paid by defendant.
In 1989, the first year in controversy, the parties operated under a similar parol agreement. While the defendant denies the existence of any such agreement whatsoever, the testimony of plaintiff's witnesses buttressed by the following establishes that agreement by a fair preponderance of the evidence. After the final game of the 1989 series had been played, defendant was invited to a meeting of plaintiff's Board of Governors for the express purpose of exploring the possibility of compromising the sum due from the defendant for the concession rights. This meeting was held because the first three days of the series had been rained out and, as a result, several of the games were played out of the stadium, all to defendant's loss.
Although defendant did not attend this meeting, he did send a representative who adamantly denied that defendant owed plaintiff anything or had ever agreed to pay anything to plaintiff for the CT Page 10987 concession rights. The court, however, does not find this testimony credible or defendant's position tenable. As indicated above, the court finds that during the 1989 Mickey Mantle World Series, defendant operated the stadium concessions under the same terms that he operated under during the 1988 series.
As to the 1990 Mickey Mantle World Series, the court neither finds nor implies an agreement between the parties. As a consequence of the prior series with its rain dates and reduced receipts, defendant took a wait and see posture and did not enter into any agreement regarding the right to operate the concession during the 1990 series.
From the evidence, it appears that the plaintiff did not contact anyone other than the defendant regarding the concession rights for the series and that such contact was not made until the week before the series was to start. As a result, plaintiff was hard pressed, in so short a time, to find an alternate to defendant, who had the necessary expertise and the permits to operate the concession stand. Therefore, even though the defendant had not paid the $7,500 owed for the 1989 concession rights and even though he refused to agree to pay anything for the current series' concession rights, the plaintiff asked defendant to take over and run the concession stand during the series.
After the 1990 series had ended, defendant made a $2,000 donation to the plaintiff by a check indicating same. This donation was accepted and the check was negotiated by the plaintiff. The defendant never agreed to the payment of any other sums for the concession rights and none is found due and owing. Additionally, the court finds the credible evidence insufficient to establish the value, if any, of the benefit conferred on defendant or the reasonable value of any business provided him by the plaintiff.
Regarding the 1991 Mickey Mantle World Series, it is uncontroverted that no agreement or arrangement regarding the series' concession rights was reached by the parties. Consequently, the court finds no express contract upon which plaintiff can base its claim. Further, the court has insufficient credible evidence from which to imply a contract or determine the value, if any, of the claimed benefit conferred on the defendant or to find the reasonable value of any business provided to him. Consequently, plaintiff's claims for damages arising out of the CT Page 10988 concession rights for the 1991 Mickey Mantle World Series are non-availing.
In the last count of its complaint, plaintiff claims that defendant intentionally and wrongfully slandered its reputation so as to intentionally interfere with its exclusive concession rights at the stadium during the Mickey Mantle World Series.
The evidence indicates that on July 21, 1992, defendant addressed the Waterbury Park Commission and, although misguided, stated what he believed to be the truth regarding the concession rights.
The court finds that the plaintiff has failed to prove this claim by a fair preponderance of the evidence.
Prior to the start of the 1992 series, the plaintiff instituted this lawsuit seeking monetary damages, injunctive relief and an order preventing the defendant from opening the stadium concession stand during the series. The Mickey Mantle World Series is no longer being played in Waterbury, and the only relief now being sought by plaintiff is monetary damages.
On December 11, 1992, plaintiff filed an offer of judgment in the sum certain of $7,500. Pursuant to § 52-192a of the General Statutes, if plaintiff recovers an amount equal to or greater than said sum, it is entitled to 12% annual interest computed on said award from the date its complaint was filed, to wit: July 30, 1992, to the date of judgment. In addition to the interest, the court may allow plaintiff a reasonable attorney's fee, not to exceed $350, but the court declines to do so.
With regard to the first count of plaintiff's amended complaint, the issues are found for the plaintiff, and it is adjudged that the defendant owes to the plaintiff the sum of $7,500 together with interest at 12% from July 30, 1992, in the amount of $2,816.09. Damages, therefore, total $10,316.09.
As to all other counts of plaintiff's amended complaint, the court finds for the defendant.
Finally, with respect to defendant's special defense and counterclaim, the court finds for the plaintiff.
Judgment together with statutory costs of suit will enter in CT Page 10989 accordance with the foregoing.
WEST, J.